IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GLADYS MARRERO-SAEZ

   Plaintiff

       v.                                    Civil No. 09-1499 (SEC)

MUNICIPALITY OF AIBONITO ET AL

   Defendants

**OPINION AND ORDER**

Pending before this Court is Defendants William Alicea-Perez, Sandra E. Rivera-Santos, Jorge Santos, and Lisandra Maldonado-Acevedo's motion to dismiss (Docket # 17), and Plaintiff Gladys Marrero-Saez's opposition thereto (Docket # 20). After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**.

**Factual and Procedural Background**

On June 3, 2009, Plaintiff filed suit against Defendants in their official and individual capacity, and against the Municipality of Aibonito, under the First, Fifth, and Fourteenth Amendments of the United States Constitution, Sections 1, 4, 6, and 7 of Article II of the Commonwealth's Constitution, and several state laws. Docket # 1. On July 31, 2009, the Municipality answered the complaint. Docket # 14. On September 3, 2009, Defendants filed the instant motion, arguing that Plaintiff failed to state a claim under either Section 1983, 1985, or the Fifth and Fourteenth Amendments. Plaintiff opposed, alleging that she has pled sufficient facts regarding Defendants' actions to survive the instant motion. Plaintiff further avers that Defendants deprived her of her constitutional rights because of her political affiliation.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 09-1499 (SEC)**                                                                                                    Page 3

---

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law and Analysis**

In their motion to dismiss, Defendants contend that Plaintiff failed to provide specific allegations sufficient to establish a causal connection between their actions, and the alleged violations of Plaintiff's federally protected rights. According to Defendants, Jose Rivera-Rodriguez and Maria de los Angeles Quiñones did not personally participate in the alleged discriminatory acts, nor did they have the authority to reprimand Plaintiff. As such, Defendants argue that the dismissal of Plaintiff's Section 1983 claims is warranted. Defendants further contend that since there are no federal actors in this case, Plaintiff's Fifth Amendment claims also fail. Moreover, they posit that Plaintiff has not alleged nor adequately established a cause

**CIVIL NO. 09-1499 (SEC)** Page 4

of action under Section 1985, despite assertions regarding Defendants "acting in concert" and "conspiring" to deprive Plaintiff of her constitutional rights. Docket # 1. Lastly, Defendants argue that insofar as Plaintiff's political discrimination claims are properly addressed under the First Amendment, those causes of actions pursuant to the Substantive Due Process and the Equal Protection Clauses of the Fourteenth Amendment are redundant, and should be dismissed.

Plaintiff opposed, arguing that she has adequately pled, and provided sufficient facts to show that Defendants, acting under color of state law, deprived her of her constitutional rights due to her political affiliation. According to Plaintiff, she has set forth facts establishing that Defendants were personally and directly involved in her demotion, the deprivation of her duties, and the inferior work conditions which ultimately forced her to resign. Plaintiff further notes that Jose Rivera-Rodriguez and Maria de los Angeles Quiñones are not defendants in the instant case, as such, Defendants arguments on this front are irrelevant.

Since Jose Rivera-Rodriguez and Maria de los Angeles Quiñones are not defendants in the instant case, Defendants' arguments regarding said individuals are irrelevant to the present controversy. Moreover, in her opposition, Plaintiff points out that she has not asserted a conspiracy claim pursuant to Section 1985. Thus this Court need not dwell on said issue.[2]

*Due Process and Equal Protection Claims*

Defendants seek dismissal of Plaintiff's claims under the substantive due process[3] and equal protection clauses, arguing that they essentially duplicate Plaintiff's First Amendment

---

[2] Although this Court notes that this district has ruled against extending the scope of Section 1985(3) to conspiracies based exclusively on political discriminatory animus. Concepcion v. Zorrilla, 309 F. Supp. 2d 201, 214 (D.P.R. 2004) (citing Torres-Ocasio v. Melendez, 283 F. Supp.2d 505, 518 (D.P.R. 2003)).

[3] In the complaint, Plaintiff did not assert any procedural due process claims.

**CIVIL NO. 09-1499 (SEC)** Page 5

claim. Defendants argue, correctly, that substantive due process and equal protection claims would not be cognizable to the extent that they merely overlap with a First Amendment claim. In her opposition, Plaintiff does not expressly address this issue.

The First Circuit has held that a plaintiff's substantive due process claims, in connection with allegations of political discrimination against a municipality, are coextensive with his First Amendment claims. Ramírez v. Arlequín, 447 F.3d 19, 25 (1st Cir. 2006)) (citing Colon-Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 46 (1st Cir. 1992)). As a result, "where the plaintiffs have stated a viable First Amendment claim for the very same conduct, [the court] declined to 'enter the uncharted thicket of substantive due process to find an avenue for relief.'"Id. Moreover, regardless of whether Plaintiff's alleged demotion constitutes adverse action for purposes of the First Amendment, she was not fired, "and 'under Puerto Rico law, public employees have a property interest in their continued employment, not in the functions they perform.'" Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127,134 (1st Cir. 2005) (citing Rosado de Velez v. Zayas, 328 F. Supp. 2d 202, 212 (D.P.R. 2004)).

As to the equal protection claims, Plaintiff has not alleged that she was treated differently than similarly situated individuals. Moreover, this claim substantially overlaps with her stronger First Amendment claim. See Rosenfeld v. Egy, 346 F.3d 11, 15 (1st Cir. 2003); Arlequín, 447 F.3d at 25. When equal protection arguments merely restate a plaintiff's First Amendment claims, there is "little basis or justification for applying equal protection analysis." Ruiz-Casillas, 415 F.3d at 134 (citing Custodio, 964 F.2d at 45; see also Morales-Santiago v. Hernandez-Perez, 488 F.3d 465, 471 (1st Cir. 2007).[4]

---

[4] Additionally, this Circuit has only extended equal protection claims to cases involving "invidious discrimination," or "egregious abuse of power," such as discrimination based on race, sex or like classifications which trigger strict or intermediate scrutiny. Custodio, 964 F.2d at 44.

Based on the foregoing, Plaintiffs' substantive due process and equal protection claims are **DISMISSED WITH PREJUDICE**.

*Fifth Amendment Claims*

Because there are no federal actors in this case, Defendants argue that the Court should dismiss Plaintiff's Fifth Amendment claim. The Fifth Amendment provides that "[n]o person shall... be deprived of life, liberty, or property, without due process of law..." U.S. Const. amend. V; see also Gerena v. Puerto Rico Legal Services, 697 F. 2d 447, 449 (1st Cir. 1983). This amendment applies to actions of the federal government, not those of private individuals, or of state, local or municipal governments. Id. at 449; see also Martínez-Rivera v. Sánchez-Ramos, 498 F. 3d 3, 8 (1st Cir. 2007) (affirming dismissal of Plaintiffs' claims under the Fifth Amendment because the police officers are state actors and not federal actors). Plaintiff's complaint does not allege that any of the Defendants are federal actors; instead they aver that they are municipal officials acting under color of state law. Accordingly, her claims pursuant to the Fifth Amendment are hereby **DISMISSED with prejudice**.

*Political Discrimination Claims*

The First Circuit has held that "[t]he right to associate with the political party of one's choice is an integral part of the basic constitutional freedom to associate with others for the common advancement of political beliefs and ideas protected by the First Amendment." Carrasquillo v. Puerto Rico, 494 F.3d 1, 4 (1st Cir. 2007) (citing Kusper v. Pontikes, 414 U.S. 51, 56-57 (1973)). As a general rule, "the First Amendment protects associational rights... [and] the right to be free from discrimination on account of one's political opinions or beliefs." Galloza v. Foy, 389 F. 3d 26, 28 (1st Cir. 2004). Since public employees "generally enjoy protection from adverse employment actions based on their political affiliations," First Circuit law is clear that "a government employer cannot discharge public employees merely because

**CIVIL NO. 09-1499 (SEC)**                                                                                           Page 7

---

they are not sponsored by or affiliated with a particular political party." Id.; see also Maymi, 515 F.3d at 25; Carrasquillo, 494 F.3d at 4 (citing Branti v. Finkel, 445 U.S. 507, 517-19, 100 S. Ct. 1287, 63 L. Ed. 2d 574 (1980)).[5] This protection extends to career employees, trust employees, transitory employees, and independent contractors. Martinez-Baez v. Rey-Hernandez, 394 F. Supp. 2d 428, 434 (D.P.R. 2005) (citing Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 98 (1st Cir. 1997)); see also O'Hare Truck Serv., Inc. v. City of Northlake, 518 U.S. 712 (1996).

First Amendment protection against political discrimination also extends to adverse employment actions short of dismissal; namely, "promotions, transfers and recalls after layoffs based on political affiliation or support are an impermissible infringement on the First Amendment rights of public employees." Rutan v. Republican Party, 497 U.S. 62, 75 (1990). Furthermore, it "includes changes in employment, which, although not as extreme as dismissal, result in working conditions 'unreasonably inferior' to the norm for the position at issue." Carrasquillo, 494 F.3d at 4 (citations omitted). Thus the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests- especially his interest in freedom of speech[; for] if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to produce a result which it could not command directly." Rutan, 497 U.S. at 72.

The Supreme Court has held that Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred. See Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989). In the instant case, Plaintiff essentially sets forth Section 1983 claims, based on alleged violations of the First Amendment. In order to prove

---

[5] The First Amendment also protects against other adverse employment actions, such as demotions. See Marrero v. Molina, 491 F. 3d 1 (1st Cir. 2007).

**CIVIL NO. 09-1499 (SEC)**                                                                                          Page 8

liability under Section 1983, "plaintiffs must show by a preponderance of the evidence that: (1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." Id. (citing Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151-52 (1st Cir. 2006). "While plaintiffs are not held to higher pleading standards in section 1983 actions, they must plead enough for a necessary inference to be reasonably drawn." Marrero, 491 F. 3d at 10. Moreover, when alleging political discrimination under Section 1983, plaintiffs shall produce evidence that partisanship was a substantial or motivating factor in the adverse employment action. See Maymi v. P.R. Ports Authority, 515 F.3d 20, 25 (1st Cir. 2008).

      Political discrimination claims are reviewed through a burden-shifting scheme: the plaintiff must first show that "he engaged in constitutionally protected conduct, and that this conduct was a substantial or motivating factor for the adverse employment decision." Mt. Healthy v. Doyle, 429 U.S. 274, 287 (1977) (superseded on different grounds); Carrasquillo, 494 F.3d at 4; Padilla v. Rodríguez, 212 F. 2d 69, 74 (1st Cir. 2000). Thus in order to establish a *prima facie* case of political discrimination, a plaintiff shall demonstrate "that party affiliation was a substantial or motivating factor behind a challenged employment action." Marrero, 491 F. 3d at 9. The First Circuit has held that to meet the first step of the burden-shifting scheme, a plaintiff must "make four showings": (1) that the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's opposing political affiliation; (3) there is a challenged employment action; and (4) there is sufficient direct or circumstantial evidence that political affiliation was a substantial or motivating factor in defendant's decision. Peguero-Moronta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006) (internal citation and quotation omitted); see also Monfort-Rodriguez v. Rey-Hernandez, 599 F. Supp. 2d 127, 168 (D.P.R. 2008).

**CIVIL NO. 09-1499 (SEC)**                                                                                                     Page 9

When the plaintiff satisfies this initial burden, the burden then shifts to the defendant to show that "it would have taken the same action regardless of the plaintiff's political beliefs- commonly referred to as the Mt. Healthy defense." Padilla, 212 F. 2d at 74; Carrasquillo, 494 F.3d at 4; Torres-Martinez v. P.R. Dept. Of Corrections, 485 F.3d 19, 23 (1st Cir. 2007); Rodríguez-Ríos v. Cordero, 138 F. 3d 22 (1st Cir. 1998). That is, the defendants must "demonstrate that (i) they would have taken the same action in any event; and (ii) they would have taken such action for reasons that are not unconstitutional." Velez-Rivera v Agosto-Alicea, 437 F.3d 145, 152 (1st Cir. 2006) (citing Mt. Healthy, 429 U.S. at 286-87). If the defendant makes such a showing, the plaintiff may attempt to discredit the tendered nondiscriminatory reason with either direct or circumstantial evidence. Id. at 153. In determining the sufficiency of Plaintiffs' evidence, the First Circuit has held that although a highly charged political atmosphere alone cannot support an inference of discriminatory animus, when coupled with "the fact that plaintiffs and defendants are of competing political persuasions, may be probative of discriminatory animus." Rodríguez-Ríos, 138 F. 3d at 24. Notwithstanding, political discrimination claims always require "that defendants have knowledge of the plaintiffs['] political affiliation." Martinez-Baez, 394 F. Supp. 2d at 434; Hatfield-Bermudez v. Aldanondo-Rivera, 496 F.3d 51, 61-62 (1st Cir. 2007).

In the instant case, Defendants do not dispute that Plaintiff and Defendants belong to opposing political parties, and that Defendants were personally aware of Plaintiff's political affiliation prior to the transfer and demotion at issue. Furthermore, they have not challenged Plaintiff's assertions that they were acting under color of state law, and that the conduct alleged in the complaint, which is deemed as true for purposes of this motion, deprived Plaintiff of her First Amendment rights. Moreover, Plaintiff has proffered ample allegations regarding her long history of active participation in partisan politics, a well-known fact to Defendants personally.

**CIVIL NO. 09-1499 (SEC)**                                                                                              Page 10

She has also set forth specific allegations as to each individual defendant's involvement in her demotion. Furthermore, Plaintiff argues that she was deprived of her duties, and subjected to unreasonably inferior work conditions. Specifically, she alleges that she has not been assigned any current tasks, despite formerly holding a supervisory position, that she had to clean her work area which used to be a storage room, subjecting her to an unsanitary and unhealthy work environment, she had to clean the cemetery's bathroom, she did not have a computer, a copier or a telephone, the desk was in very poor conditions, and she no longer supervises any employees. According to Plaintiff, Defendants' arguments that she was transferred from her position as an Official Administrator II in the Federal Programs Office to the Municipality's cemetery due to "urgent service needs," is a pretext. She contends that Defendants' actions were solely motivated by her political affiliation, and as such, they violated her constitutional rights.

Considering the complaint's well-pleaded facts, the parties' filings, and the applicable law, this Court finds that Plaintiff's allegations under Section 1983 are sufficient to survive dismissal at this stage. More so in light of Defendants' unpersuasive arguments, and their failure to properly argue why the claims under Section 1983 against them should be dismissed.

Lastly, this Court reminds the parties that all representations to the court, submitted to the court through pleadings, motions, and any other document, are bound by FED. R. CIV. P. 11(b)'s mandate. Therefore, all claims, defenses, and other legal arguments that are unwarranted by existing law, are, in fact, frivolous, and can be sanctioned by the courts. In the instant case, both Plaintiffs and Defendants have set forth unwarranted legal arguments. Specifically, the current case law is extremely clear as to the applicable statutes in cases regarding political discrimination. Moreover, the automatic and careless incorporation of arguments leads to clerical errors, and shows a complete lack of consideration to this Court. Considering that the methodic inclusion of numerous allegations and defenses is unjustified, and unnecessarily

**CIVIL NO. 09-1499 (SEC)** **Page 11**

onerous for the courts, the parties shall take the foregoing into consideration when appearing before this Court, or face the imposition of sanctions.

**CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED in part and DENIED in part**. Plaintiff's Fifth and Fourteenth Amendment (due process and equal protection) claims are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of November, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge