IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GLADYS MARRERO-SAEZ

    Plaintiff

        v.                                     Civil No. 09-1499 (SEC)

MUNICIPALITY OF AIBONITO, ET AL

    Defendants

**OPINION AND ORDER**

    Pending before the Court is Plaintiff Gladys Marrero-Saez's ("Plaintiff" or "Marrero") motion for reconsideration under FED. R. CIV. P. 59(e). Docket # 55. After carefully considering the filings and the applicable law, Defendants' motion is **DENIED**.

    **Procedural Background**

    On June 3, 2009, Plaintiff filed the present suit against Defendants in their personal and official capacities, and the Municipality of Aibonito, pursuant to Section 1983, alleging Defendants discriminated against her because of her political affiliations. Docket # 1. On July 12, 2010, Defendants moved for summary judgment, arguing that Plaintiff failed to establish a prima facie case of political discrimination insofar as she did not suffer an adverse employment action, and arguing that her transfer was due to an urgent service need. In opposition, Plaintiff argues that she was transferred and deprived of her duties solely because of her political affiliation. On December 27, 2010, this Court granted Defendants' motion, upon finding that Plaintiff failed to set forth a prima facie case of political discrimination. Docket # 53.

    On January 24, 2011, Plaintiff filed a motion for reconsideration. Docket # 55. To this date, Defendants have not filed an opposition.

**Standard of Review**

FED. R. CIV. P. 59(e) allows a party, within twenty eight (28) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)).

Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

In our Opinion and Order, we noted that Plaintiff did not comply with Local Rule 56(c) insofar as she failed to submit her proposed additional facts in a separate section as mandated by said rule. As a result, Plaintiff's additional facts were disregarded upon ruling on Defendants' request for summary judgment.

In her motion for reconsideration, Plaintiff contends that this Court erroneously interpreted Rule 56(c) insofar as the rule only provides that the opposing statement "may contain" a separate section of additional facts. Additionally, she posits that although the additional facts were not listed separately, they were substantiated with evidence on the record,

**CIVIL NO. 09-1499 (SEC)**                                                                 **Page 3**

and should have been considered when ruling on the motion. Nevertheless, it is well settled that "Local Rule 56(c) requires that, if the nonmoving party includes any additional facts, such facts must be in a separate section, set forth in separate numbered paragraphs, and be supported by a record citation." Davila-Feliciano v. P.R. State Ins. Fund Corp., No. 09-1405, slip op. at *6-7 (D.P.R. Dec. 6, 2010); Rodriguez-Torres v. Gov't Dev. Bank of P.R., No. 09-2199, slip op. at *5-6 (D.P.R. Nov. 5, 2010); TC Investments, Corp. v. Becker, 733 F. Supp. 2d 287, 291 (D.P.R. 2010); Oquendo-Rivera v. Toledo, 736 F. Supp. 2d 434 (D.P.R. 2010); Guillen-Gonzalez v. JC Penney Corp., 731 F. Supp. 2d 219, 220-221 (D.P.R. 2010). As a result, this district has disregarded any responses to defendants' assertions of fact that do not comply with Local Rule 56(c).

Recently, in Melendez-Ortiz v. Wyeth Pharm. Co., No. 08-1676, slip op at *2, n. 1 (D.P.R. Sept. 22, 2010), the court disregarded certain portions of the plaintiff's opposing statement of facts as not compliant with Local Rule 56(c), upon finding "that plaintiffs' responses to defendant's proposed statement of facts go beyond admitting, denying, or qualifying defendant's facts; they generally include a large amount of information that is unrelated to defendant's corresponding facts and properly belongs in the opposing statement's separate section of additional facts, if anywhere."

The First Circuit has consistently upheld such determinations, holding that when a party does not act in compliance with Local Rule 56, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Caban Hernandez v. Phillip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) (citing Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004)). More specifically, in Carreras v. Sajo, 596 F.3d 25, 32 (1st Cir. P.R. 2010), the Court recently held that therein plaintiff's response to a motion for summary judgment included argumentation asserting numerous additional facts that failed to comply with

**CIVIL NO. 09-1499 (SEC)**                                                                 Page 4

Rule 56(c)'s mandate that additional facts be "contain[ed] in a separate section." Moreover, plaintiff's argument that the rule did not require additional facts to be adduced in a separate section was deemed by the court as "unavailing," insofar as the "[t]he plain language of the rule specifically requires that additional facts be put forward in a 'separate section.'" Id. Accordingly, the Court found that "the district court acted well within its discretion when it deemed as admitted a portion of [defendant's] properly supported facts." Id. In light of the foregoing, Plaintiff's argument on this front fails.

Plaintiff also avers that we should consider newly discovered facts that shed light on the acts of Co-defendant William Alicea-Perez. Docket # 55. On this point, she contends that after the motion for summary judgment and her opposition were filed, but prior to the issuance of our Opinion and Order, she learned about some admissions made by Alicea during his deposition. According to Plaintiff, Alicea's deposition was not available to be included in her response, further meriting setting aside this Court's Judgment.

Upon reviewing the deposition excerpts included with Plaintiff's motion, this Court notes that Alicea's deposition took place on July 20, 2010, while Plaintiff filed her opposition to the motion for summary judgment on July 29, 2010, that is, 9 days after the deposition. Moreover, on July 27, 2010, Plaintiff moved for an extension of time to file her opposition, noting that the transcripts of Alicea's deposition had not yet been received. Docket # 42. She did not, however, request another extension of time due to the unavailability of the deposition transcripts, and instead filed her opposition using the notes taken during the same. Additionally, even though Plaintiff avers that Alicea's deposition was produced after the relevant documents were submitted but prior to the issuance of our Opinion and Order, she fails to explain why she did not move to amend her opposition immediately, prior to entry of judgment in the case. As such,

Plaintiff should have raised these arguments before judgment was entered, and not at this juncture.

Notwithstanding, this Court notes that even assuming that Alicea knew about Plaintiff's political affiliations, the excerpts of his deposition alone do not warrant setting aside our prior Judgment. Plaintiff's argument on this front largely relies on this Court's setting aside its prior Judgment and considering all the additional facts set forth in her opposition jointly with the alleged newly discovered evidence. As previously held, however, Plaintiff's additional facts were properly disregarded in our prior Opinion. Thus even if we considered them now, the excerpts of Alicea's deposition alone are insufficient to show the requisite elements of a prima facie case of political discrimination against said co-defendant or the other defendants in the case.

**Conclusion**

Based on the foregoing, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this day 4th day of March, 2011.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge